IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALFRED LEE STEWART, JR.**                                                                 **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 4:12cv121-DPJ-FKB**

**LAUDERDALE COUNTY DETENTION FACILITY**                                                **DEFENDANT**

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Alfred Lee Stewart, Jr. is incarcerated with the Lauderdale County Detention Facility and brings this action arising out of a slip and fall in his cell. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

**I.     Background**

According to Stewart, heavy rain on July 19, 2012, caused a puddle in his cell, prompting him to request one of the jail's available flood mats. That request was not honored, Stewart fell, and the jail summoned two nurses and an ambulance. As Stewart tells it,

> the nurse told the paramedic there is nothing wrong with him. At that time the Paramedic grab[bed] my left arm and tr[i]ed to pull me up I told the Paramedic that my back and neck hurted. [sic] The nurse told the Paramedic just sign and say that he refuse[d.] I told them I[']m not refuseing [sic] I can't get up.

Pl.'s Response [9] at 5. Stewart was then moved from his cell, placed in a holding cell in the booking area, and given an asprin. Stewart later saw a jail doctor who proscribed muscle relaxers. X-rays of Stewart's back were "negative." *Id.* at 4.

On July 27, 2012, Stewart filed the instant Complaint against the jail. He has since indicated that he wishes to name Lauderdale County as the only Defendant. Therefore, the allegations against the jail will be construed as allegations against County.

**II.   Discussion**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

The Court has permitted Stewart to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915. Stewart brings this action against the County for a slip and fall under state law, and read liberally, under 42 U.S.C. 1983. It is not clear whether he also complains about his medical treatment.

### A.   Section 1983

A municipality may be held liable under Section 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the County, under Section 1983, Stewart must allege (1) the existence of a policymaker and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Stewart points to no official policy or custom, which led to his fall. Rather, his allegations indicate the County had a policy of providing flood mats, but that some unnamed officer violated that policy. Therefore, Stewart seeks to hold the County vicariously liable for another's actions, not for the County's actions. This is insufficient to state a claim under Section 1983. And the same is true for any potential claims Stewart may have intended to plead regarding his medical care.

The Court granted Stewart the opportunity to expound on his claims and to name other Defendants. Having failed to state viable §1983 claims, they are dismissed. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

### B.   State-Law Claims

The Complaint appears to assert a state-law claim for premises liability and perhaps medical malpractice. Although these are not federal claims and no diversity jurisdiction exists, the Court could still retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). But exercising supplemental jurisdiction is discretionary and can be declined if "the district court has

3

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Because the Court has dismissed the Section 1983 claims, it declines jurisdiction over the state-law claims, and they are dismissed without prejudice.

### III.     Conclusion

The § 1983 claims are dismissed for failure to state a claim.  The Court declines jurisdiction over the premises liability and medical negligence claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  This dismissal of the Section 1983 claims count as a strike pursuant to Section 1915(g).

**SO ORDERED AND ADJUDGED** this the 3rd day of October, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE